# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARGARET LARK, | : | |
| | : | |
| Plaintiff, | : | No._____ |
| | : | |
| vs. | : | |
| | : | CLASS ACTION |
| SAMSUNG ELECTRONICS | : | |
| AMERICA, INC. and | : | |
| LOWE'S COMPANIES, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

Plaintiff Margaret Lark ("Plaintiff" or "Lark"), alleges the following based on information and belief, and an investigation conducted by counsel:

## NATURE OF THE ACTION

1.     This is a class action against Defendants Samsung Electronics America, Inc. ("Samsung") and Lowe's Companies, Inc. ('Lowe's") for misrepresenting the energy efficiency of Samsung RF26VAB refrigerators (hereafter, the "Refrigerators") by promoting them as ENERGY STAR®-qualified and labeling them with the ENERGY STAR® logo. In fact, the Refrigerators do *not* meet the ENERGY STAR® standards for energy efficiency, and consume significantly more energy than that label states.

2.     ENERGY STAR®-qualified refrigerators are required by the U.S. Department of Energy ('DOE") to use 20% less energy than standard models. They are more expensive than standard models, but they come with the promise of reduced

energy bills that, over time, will generate enough savings to recoup the higher price. This is the fundamental bargain the ENERGY STAR® program offers: consumers pay a higher up-front price initially, but save more on energy bills over time using the product.

3.      Defendants' misrepresentations, omissions, and false labels rendered that bargain illusory. For class members who purchased the Refrigerators, the promised savings from reduced energy bills never came. Instead, class members were hit with a costly double whammy: a higher up-front price due to the substantial price premium that ENERGY STAR® refrigerators command in the marketplace, followed by higher energy bills over the refrigerator's useful life, since its actual energy consumption is substantially higher than what was promised. Each class member paid a higher initial price for their refrigerator and will pay higher energy bills every month — month after month and year after year — for as long as the refrigerator remains in use.

4.      Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers of the Mislabeled Refrigerators, for violations of the Magnuson-Moss Warranty Act, for breach of express warranty, implied warranty of merchantability, for unjust enrichment, and for violations of the Maryland Consumer Protection Act.

## THE PARTIES

5.      Plaintiff Lark is a citizen of Springdale, Maryland.   She purchased a Samsung model RF26VAB refrigerator from a Lowe's approximately two years ago.

6.      Defendant Samsung is a New York corporation with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Ridgefield Park, New Jersey. Samsung is one of the world's leading manufacturers of consumer electronics and home appliances. Samsung represents that it "makes an effort to develop environment-friendly product that minimizing [sic] an impact to environment through whole process from getting raw materials, production, transportation, usage and end-of-life disposal by adding 'environment' on function, price, quality, design that were the essence for product development."[1]  Samsung's corporate website boasts that it received an "ENERGY STAR Award for Excellence in Product Labeling on energy-efficient products…"[2]

7.      Defendant Lowe's is a North Carolina corporation with its principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina. Lowe's is the second largest home improvement retailer in the world and has approximately 1,725 home improvement stores in the United States, Canada and Mexico.  Upon information and

---

[1] *See* *http://www.samsung.com/us/aboutsamsung/corpcitizenship/environmentsocialreport/environmentsocialreport_R ecyclingInKorea.html* (last visited February 17, 2012).
[2] *See* *http://www.samsung.com/us/news/newsRead.do?news_seq=12986* (last visited February 17, 2012).

3

belief, Lowe has received the ENERGY STAR® Partner of the Year Award in the Partner Retailer Category multiple times.

8.    At all relevant times alleged in this matter, Defendants Samsung and Lowe's acted in concert with, with the knowledge and approval of and/or as the agent of the other defendant, and within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

10.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and Plaintiff and at least one Class member is a citizen of a state different from Defendants.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this judicial district.

## FACTS COMMON TO ALL CLAIMS

12.     The Energy Policy and Conservation act of 1975 ("EPCA"), 42 U.S.C. §

6291, *et seq.*, established an energy conservation program for major household

appliances. EPCA was amended by the National Energy Conservation Policy Act of

1978 ("NECPA"), Pub. L. 95-6 19, to, among other things, give the DOE authority to

regulate the minimum energy efficiency of several products, including residential

refrigerator-freezers. Further amendments to EPCA in the National Appliance Energy

Conservation Act of 1987 ("NAECA"), Pub. L. 100-12, established minimum energy

efficiency standards for refrigerator-freezers.

13.     ENERGY STAR® is a government-backed program to "identify and

promote energy-efficient products in order to reduce energy consumption, improve

energy security, and reduce pollution through voluntary labeling of, or other forms of

communication about, products and buildings that meet the highest energy

conservation standards." *See* 42 U.S.C. § 6294a. The program is jointly administered by

the DOE and the Environmental Protection Agency ("EPA"). In order to qualify for the

ENERGY STAR® program, most refrigerators and freezers must be at least 20% more

energy efficient than the minimum energy efficiency standards mandated by federal

law.

14.     Participation in the ENERGY STAR® program has a significant impact on

the marketability of products. The message conveyed by the ENERGY STAR® logo is

that the consumer can maximize his or her energy savings while helping to protect the

environment. The national retailers that dominate the appliance market rely extensively

5

on ENERGY STAR® related promotions to sell refrigerators and bring consumers to the store.

15.     Samsung and its retail partners, including Lowe's, aggressively marketed the RF26VAB refrigerator based on its ENERGY STAR rating.

16.     Lowe's also touts that it is "committed to continuously working toward being a good steward of the environment" and points out that "In 2008, Lowe's sold enough ENERGY STAR® products to:….save consumers more than $190 million each year off their energy bills compared with non-ENERGY STAR®-qualified products."[3]

17.     On or around November 1, 2009, Plaintiff Lark purchased a Samsung refrigerator model RF26VAB at a Lowe's retail store for approximately $2,100.  This included a substantial price premium due to its supposed energy efficiency and ENERGY STAR® qualification.

18.     On or around February 18, 2010, the United States Department of Energy ("DOE") notified Samsung that DOE-initiated testing revealed that Samsung's model RF26VAB did not meet the applicable ENERGY STAR energy efficiency requirements. *See* Exhibit A.

19.     On or around March 8, 2010, representatives of Samsung and DOE met to discuss the test results. As a result of that meeting, DOE permitted Samsung to provide

---

[3] *See* http://www.lowes.com/cd_Lowes+And+The+Environment_883249746_ (last visited February 17, 2012).

6

additional test results to demonstrate that the model at issue — RF26VAB — met the

ENERGY STAR requirements. *See id.*

20.     On or around March 12, 2010, Samsung provided additional test results to

DOE; however, the DOE concluded that the proffered test results failed to demonstrate

that the RF26VAB met the applicable ENERGY STAR energy efficiency requirements

when tested pursuant to the DOE's test procedure. *See id.*

21.     In a letter dated March 16, 2010, the DOE concluded that Samsung had

failed to explain why the RF26VAB failed the DOE testing and that Samsung had failed

to provide documentation to demonstrate that the model met the applicable

requirements. The DOE thus referred the matter to the United States Environmental

Protection Agency ('EPA"), the brand manager for ENERGY STAR, for appropriate

action.

22.     As a result of the conduct described above, Plaintiff Lark, and each

purchaser of the RF26VAB, paid a price premium due to their Refrigerator's supposed

energy efficiency and ENERGY STAR® qualification, and paid more money in

additional energy costs to operate the Refrigerator than each would have paid if the

refrigerator had actually met the ENERGY STAR® qualification as promised.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks to represent a class defined as all persons who purchased a Refrigerator (hereafter, the "Class").

24.     Plaintiff also seeks to represent a subclass of all Class members who purchased a Refrigerator at or through Lowe's (hereafter, the "Lowe's Subclass").

25.     Members of the Class and Lowe's Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Lowe's Subclass number in the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

26.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a)     whether the Samsung RF26VAB was sold bearing false labels misrepresenting it as ENERGY STAR compliant;

(b)     whether Class members suffered an ascertainable loss as a result of the Defendants' misrepresentations;

8

     (c)      whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

27.     Plaintiff's claims are typical of the claims of Class members because Plaintiff and Class members purchased a Mislabeled Refrigerator bearing a false label misrepresenting it as ENERGY STAR® compliant when in fact it was not.

28.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

29.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of

9

scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### (For Violation Of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*)

30. Plaintiff repeats the allegations contained in the foregoing paragraphs as if filly set forth herein.

31. Plaintiff brings this Count I individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

32. The Refrigerators are consumer products as defined in 15 U.S.C. § 230 1(1).

33. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 230 1(3).

34. Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and(5).

35. In connection with the sale of the Refrigerators, Defendants issued written warranties as defined in 15 U.S.C. § 230 1(6), which warranted that the product met the energy efficiency requirements of the ENERGY STAR® program.

10

36.     In fact, the Refrigerators did not meet the energy efficiency requirements of the ENERGY STAR® program.

37.     By reason of Defendants' breach of warranties stating that the Refrigerators met the energy efficiency requirements of the ENERGY STAR® program, Defendants violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.,* thereby damaging Plaintiff and Class members.

38.     Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT II

### (For Breach of Express Warranty)

39.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if filly set forth herein.

40.     Plaintiff brings this Count II individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

11

41.     Defendants, as the designer, manufacturer, marketers, distributors, and/or sellers expressly warranted that the Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

42.     In fact, the Refrigerators were not fit for such purposes because they do not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

43.     Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Refrigerators.

## COUNT III

### (For Breach of Implied Warranty of Merchantability)

44.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

45.     Plaintiff brings this Count III individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

12

46.     Defendants as the designer, manufacturer, marketers, distributors, and/or sellers impliedly warranted that the Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

47.     Defendants breached the warranty implied in the contract for the sale of the Refrigerators in that the Mislabeled Refrigerators could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

48.     In reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and Class members purchased the Refrigerators for use as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

49.     The Refrigerators were not altered by Plaintiffs and Class members. The Refrigerators were defective when they left the exclusive control of Defendants.

50.     Defendants knew the Refrigerators would be purchased and used without additional testing for energy efficiency by Plaintiffs and Class members. The

13

Refrigerators were defectively designed and were unfit for their intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

51. As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Refrigerators.

## COUNT IV

### (Unjust Enrichment)

52. Plaintiff repeats the allegations contained in the foregoing paragraphs as if filly set forth herein.

53. Plaintiff brings this Count IV individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

54. Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements — the defendant

14

received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state.

55.     Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn.

56.     Plaintiff and Class members conferred a benefit on Samsung and Lowe's by purchasing the Refrigerators.

57.     Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of the Refrigerators, which retention under these circumstances is unjust and inequitable because Samsung and Lowe's misrepresented that the Refrigerators complied with ENERGY STAR® standards when in fact they did not, and misrepresented the energy consumption of the Refrigerators, which caused injuries to Plaintiff and Class members because (a) they would not have purchased the Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Refrigerators.

58.     Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V

### (Violation of the Maryland Consumer Protection Act)

59.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if filly set forth herein.

60.     Plaintiff Lark is a consumer within the meaning of the MCPA and Md. Code Ann., Commercial Law § 13-101, *et seq.*

61.     The Refrigerators are consumer goods within the meaning of the MCPA and provided services within the MCPA's meaning of the term consumer services.

62.     The MCPA prohibits the use of any "unfair or deceptive trade practice" in the sale or lease of any consumer goods or services.

63.     The Defendants violated the MCPA by, *inter alia,* engaging in the following unfair deceptive acts or practices:

        a.      Failing to disclose material facts that deceived and had the tendency to deceive; and

16

b.      Engaging in deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with: (i) the promotion or sale of consumer goods or services; or (ii) the subsequent performance of a merchant with respect to an agreement of sale or lease.

64.      The Defendants violated the MCPA by concealing, suppressing and/or omitting material facts regarding the Refrigerators, including, but not limited to, the fact that the Refrigerators did not, in fact, meet the Energy Star standards.  This concealed or omitted information is the type of information upon which a consumer would be expected to rely on in making a decision whether to purchase, or how much to pay for, the Refrigerators.

65.      The Defendants concealed, suppressed or omitted these material facts in conducting trade and commerce with the intent that Lark and class members would rely on the omissions in the purchase or lease of their Refrigerators.

66.      The Defendants intended that Plaintiff and Class members would rely on its concealment and omission of material facts, which occurred in the course of conduct involving trade and commerce.

67.      As a direct and proximate cause of the Defendants' violations of the MCPA, Plaintiff and class members have suffered injury in fact and/or actual damage, in that they purchased Refrigerators that were not, in fact, compliant with the Energy

Star standards. Had the Defendants disclosed this material fact, Plaintiffs would not have purchased (or would have paid significantly less for) the Refrigerators.

68.    Plaintiff seeks to recover are entitled to recover damages, reasonable attorneys' fees and costs, and expert expenses as a result of the Defendants' violations of the MCPA.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.    For an order certifying the Class as to Samsung, and/or the Lowe's Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Lowe's Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Lowe's Subclass members;

b.    For an order declaring the Defendants' conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff, the Class, and the Lowe's Subclass on all counts asserted herein;

d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

18

f.      For an order of restitution and all other forms of equitable

monetary relief;

g.      For injunctive and/or equitable relief as pleaded or as the Court

may deem proper; and

h.      For an order awarding Plaintiff and the Class and the Lowe's

Subclass their reasonable attorneys' fees and expenses and costs of suit.

Dated: February 17, 2012

Respectfully submitted,

By:_____
**CHIMICLES & TIKELLIS LLP**
Steven A. Schwartz
Benjamin F. Johns (No. 03818-2005)
361 W. Lancaster Avenue
Haverford, PA  19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

# EXHIBIT 1



# Department of Energy
Washington, DC 20585

March 16, 2010

Katherine Kaplan
ENERGY STAR Product Development
USEPA Headquarters
1200 Pennsylvania Avenue, N. W. (6202J)
Washington, DC 20460

Dear Ms. Kaplan:

On February 18, 2010, the United States Department of Energy (DOE) notified Samsung that DOE-initiated testing revealed that Samsung's French Door Refrigerator-Freezer model RF26VAB did not meet the applicable ENERGY STAR energy efficiency requirements. In a letter dated March 3, 2010, Samsung disputed the results of DOE's testing and provided additional information regarding the model at issue.

On March 8, 2010, representatives of Samsung and DOE met to discuss the test results and the relationship between the models tested. Samsung explained that it had enhanced its models over time without changing the external model numbers. Samsung also pointed to data showing that a different, enhanced model, RF267AB, met ENERGY STAR requirements when tested in accordance with DOE's test procedure. DOE explained that test data for a different, enhanced model could not refute the DOE off-the-shelf testing of model RF26VAB. DOE permitted Samsung to provide additional test results to demonstrate that the model at issue—RF26VAB— met the ENERGY STAR requirements.

On March 12, 2010, Samsung provided additional test results to DOE; however, the results fail to demonstrate that Refrigerator-Freezer model RF26VAB met the applicable ENERGY STAR energy efficiency requirements when tested pursuant to DOE's test procedure. The test results provided by Samsung were the result of internal testing. The reported results cannot be verified, and the test report does not explicitly indicate the test procedure followed. Although Samsung indicated in its accompanying email that the test was performed in accordance with DOE's test procedure, it is unclear to DOE how Samsung's internal testing could result in energy test results so much lower than DOE's testing. Although Samsung appears to challenge the results on the basis of its unfamiliarity with DOE's contracted test facility, DOE observed the set-up of the DOE testing and is confident that the testing was performed in accordance with DOE's test procedure. Samsung also argues that test lab results may vary by 10%; however, Samsung's results are 19-22% lower than DOE's results.

Printed with soy ink on recycled paper

Samsung has failed to explain why the model failed DOE testing and has failed to provide documentation to demonstrate that the model met the applicable requirements. Therefore, DOE is referring this matter to the United States Environmental Protection Agency, the brand manager for ENERGY STAR, for appropriate action.

Sincerely,

Scott Harris

Scott Blake Harris
General Counsel

cc: Michael Moss
    Samsung SEA QA Lab
    18600 Broadwick St.
    Rancho Dominguez, CA 90220
    (via certified mail and email)